# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30138
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CURTIS ROLLER,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CR-37-1

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Curtis Roller pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, as a result of his submission of materially false applications to the Assistance to Firefighters Grant (AFG) program of the Federal Emergency Management Agency (FEMA). Based in part on an evidentiary hearing at sentencing, Roller was sentenced to a below-Guidelines sentencing range of 24 months' imprisonment based on, *inter alia,* attributable losses of $403,355

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

across five charged wire-fraud counts.  U.S.S.G. § 2B1.1.  The court also ordered restitution in that amount to FEMA.  Roller challenges the court's finding he abused a position of public or private trust, or used a special skill to facilitate the fraud; the attributable-loss finding; and the restitution award. U.S.S.G. § 3B1.3.

Although Guideline § 3B1.3 is disjunctive, the court found Roller satisfied both bases for enhancement.  In challenging the court's findings, however, Roller addresses at length only the finding that he used a special skill or talent to commit the offense.  Therefore, his purely conclusory challenge to the court's alternative "abuse of a position of trust" finding is deemed abandoned.  *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006). Accordingly, that finding stands, and permits the enhancement.

Next, the court did not clearly err in finding Roller acted with specific intent to defraud FEMA by submitting AFG applications containing falsified demographic, service, and budget data, including data from areas not primarily served by the fire departments in question.  *E.g.*, *United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).  At the evidentiary hearing at sentencing, at which Roller testified, Government witnesses, whom the court found credible, testified:  the extraterritorial data was prohibited by the application's own terms; and Roller's use of such data increased the likelihood certain applications would be approved.  The evidence also established clear financial motive, in that companies affiliated with Roller could bid to equip the recipient fire departments in exchange for grant funds.  Roller admitted he profited from such sales.

Roller relies heavily on his own testimony that he acted in good faith in the light of the ambiguous application language as well as industry practice. Nonetheless, the court did not find this testimony credible; a decision we will

not second guess. *E.g., United States v. Garza*, 118 F.3d 278, 283 (5th Cir. 1997). In any event, the defense testimony established, at most, that "there are two permissible views of the evidence" of fraudulent intent, in which case "the factfinder's choice between them cannot be clearly erroneous". *United States v. Hebert*, 813 F.3d 551, 560 (5th Cir. 2015) (internal citation omitted).

In addition, a FEMA subject-matter expert testified the falsified data was essential to the application-review process and weighed in favor of grant approval. From these facts, the court could plausibly infer Roller's fraudulent conduct likely caused actual loss to FEMA. *E.g., United States v. Bernegger*, 661 F.3d 232, 242 (5th Cir. 2011); *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).

For the first time in his reply brief, Roller challenges the court's finding as to the existence of a common scheme or plan. U.S.S.G. § 1B1.3(a)(2). We need not consider such belated assertions but may do so in our discretion. *United States v. Davis*, 602 F.3d 643, 648 n.7 (5th Cir. 2010). There is no clear error. The court found the relevant counts shared three common factors, and Roller challenges its finding only as to common purpose. U.S.S.G. § 1B1.3 cmt. n.5 (B)(i). Therefore, he has waived any challenge to the court's other findings, either of which sufficed to support its commonality determination. Guideline § 1B1.3 cmt. n.5 (B)(i); *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010). And, to the extent Roller asserts he was entitled to a downward departure because the attributable loss amount overstates the seriousness of his offense, we lack jurisdiction to review this issue as he does not show "the district court's denial resulted from a mistaken belief that the Guidelines do not give it authority to depart". *United States v. Tuma*, 738 F.3d 681, 691 (5th Cir. 2013).

No. 17-30138

Roller also fails to show the court abused its discretion in ordering full restitution to FEMA in the amount of $403,355. *United States v. Adams*, 363 F.3d 363, 365 (5th Cir. 2004). If a restitution award is permitted by law, our court reviews the propriety of a particular award for abuse of discretion. *Id.* at 365. In this case, restitution was required under the Mandatory Victims Restitution Act, which directs district courts to order restitution for victims of, *inter alia*, "any offense committed by fraud or deceit". 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii).

The plea agreement reflects the parties' accord that restitution may be ordered for losses beyond "the amounts or victims" in the count of conviction. *Adams*, 363 F.3d at 366. And, because "a fraudulent scheme is an element of the conviction", the court could award restitution "for actions pursuant to that scheme", which included the conduct alleged in each of the five relevant counts. *Id.*; 18 U.S.C. § 3663A(a)(2). Roller's narrow and contrary reading of the plea documents and our precedents fails. *Adams*, 363 F.3d at 366.

AFFIRMED.

4